## The People of the State of Illinois, Defendant in Error, v. Peter J. Miller, Plaintiff in Error.

## Gen. No. 6,985.

1. PARENT AND CHILD—*child's right of action for desertion as continuing.* The duty of parents to support and maintain their minor children is a duty continuing until such children reach the age of 18 years, under Cahill's Ill. St. ch. 38, ¶¶ 2, 10, and accordingly a cause of action for wilfully deserting minor children in destitute circumstances is not barred by limitations.

2. PARENT AND CHILD—*demand or notice not prerequisite to action to compel support of minor children.* The duty of parents to support and mantain minor children is imposed by Cahill's Ill. St. ch. 38, ¶¶ 2, 10, and no demand, notice or request, is necessary before the commencement of an action under such statute to enforce support.

3. PARENT AND CHILD—*nonliability for support of wife as affecting father's duty to support minor.* The duty of a father to support minor children, existing under Cahill's Ill. St. ch. 38, ¶¶ 2, 10, is separate and apart from the duty to support his wife, and the husband and wife may quarrel, disagree, separate and live apart, and there may be no obligation on the part of the husband to support the wife, but the obligation to support the children remains on each parent.

4. PARENT AND CHILD—*when injury does not excuse parent from supporting minor children.* A father may be excused to a certain extent from supporting his children when he is injured and suffering with a broken leg, but such fact cannot be interposed as a defense in a prosecution for wilful desertion, when it appears

that the failure to support the children has continued for 3 years, and after the time when the father had fully recovered from his recovery, and when, during the entire period of desertion, he only supplied a little clothing and a few presents, although capable of supporting the children.

5. PARENT AND CHILD—*amount ordered for support of minor children not excessive.* An order of court requiring a father to pay $50 a month for the support of three minor children for one year does not impose an excessive amount when it appears that the father is earning $100 per month, is able-bodied, and capable of supporting the children, and when the evidence shows desertion for 3 years.

6. PARENT AND CHILD—*denial of father's request for custody of minor children as affecting liability for failure to support.* The fact that a father in a foreign State has requested the custody of his three children, which request was denied by his father-in-law, who had been appointed their guardian, does not excuse the father's failure to support such children, he not having made such request to the county court for the custody of the children.

7. PARENT AND CHILD—*immateriality of date of information for wilful desertion of minor children.* The date of an information for wilfully deserting minor children in destitute circumstances is not material, because if the offense is proven to have been committed within 18 months of the filing of the information it is sufficient to sustain a conviction.

8. PARENT AND CHILD—*liability of parent for desertion of minor children as dependent upon their circumstances at time of desertion.* It is improper to modify an instruction authorizing a jury to find a defendant guilty of deserting minor children if such children were neglected and in destitute circumstances, by adding the words "at the time he left them," because the test is not as to the time the defendant leaves his family, but if the defendant had deserted such children for a period of 18 months prior to the date the information was filed.

9. CRIMINAL LAW—*when modification of instruction harmless error.* The fact that a court erroneously modifies an instruction in a prosecution for deserting minor children, by authorizing the jury to convict if the children were in destitute circumstances "at the time he left them," is harmless error, when the proof shows clearly that the defendant deserted the children for a period of 18 months prior to the date of the filing of the information.

Error to the County Court of McHenry county; the Hon. CHARLES P. BARNES, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 27, 1922.

Joslyn & Joslyn, for plaintiff in error.

Vincent S. Lumley and William M. Carroll, for defendant in error.

Mr. Justice Partlow delivered the opinion of the court.

Plaintiff in error, Peter J. Miller, was found guilty in the county court of McHenry county under an information charging him with wilfully and maliciously deserting, without lawful excuse, his three children under 18 years of age, who were in destitute and necessitous circumstances. He was ordered to pay to the grandfather of the said children, who had them in his custody, $50 per month for one year, and from that judgment this appeal was prosecuted.

The evidence shows that prior to September 1, 1918, the plaintiff in error lived with his wife and children in McHenry county. He was a laborer and had been employed principally by the Wieland Dairy Company, and his wife kept a boarding house or a small hotel. His wages had been used, to a certain extent, for the support of his family. He was addicted to the use of intoxicating liquor, but the extent of such use was in dispute in the evidence. He had used it, however, to the extent that he had been placed on what was called the "black list" and his credit was not good for either liquor or provisions. About September 1, 1918, the plaintiff in error went to North Dakota where he remained a month or two. His wife furnished him $10 to pay part of his expenses on the trip, which amount he sent back to her together with some other money. He returned home in October, 1918, and his wife testified that when he came to the house he was so drunk that he could scarcely walk and he threatened to "lay her and the hired girl cold." She then told him she was done with him and that she thought she could make a living for herself and children better than she

could if he was around the house and she had to make a living for him also. A week after he returned home, the plaintiff in error, while riding on a beer truck, met with an accident in which his leg was broken. The evidence tends to show that he was drunk at the time of the accident. His wife refused to go to see him after the accident and none of his children saw him. He lived with his parents after the accident until he was able to get around on crutches. His parents were going to Hot Springs, Arkansas, and the plaintiff in error tried to get his wife to let him go back home before the parents went away, but this she refused to do. The plaintiff went to Hot Springs with his parents where he stayed for a short time, and then went to Tulsa, Oklahoma, to live with a sister. Immediately upon his arrival in Oklahoma, on December 5, 1918, he caused to be published in the local papers in McHenry county, notice to the effect that on and after that date he would no longer be responsible for the bills of his wife and three children, and whoever sold anything to them on credit did so at his own risk. The plaintiff in error was unable to work for almost a year after his injury, but in the fall of 1919 he began working for his brother-in-law selling tickets in a moving picture show in Tulsa, Oklahoma. At first he worked for his board, later he received $5 a week which from time to time was increased until in February, 1921, he was receiving $25 a week. Plaintiff in error testified that three times during his stay in Oklahoma he wrote to his wife asking her to come to Tulsa and live with him but she refused to do so. He also testified that on at least two occasions he sent some articles of clothing and other presents to his children on Christmas. On July 17, 1919, a petition was filed in the county court of McHenry county charging that the plaintiff in error had abandoned his three children for nearly a year, that the mother was unfit to have their care and custody and that she had abandoned, neglected, failed and

refused to care for them. An order was entered on this petition giving the care and custody of the three children to their maternal grandfather, Stephen F. Schmidt. The plaintiff in error claims that after the children were awarded to the grandfather, he requested the grandfather to send the children to him in Oklahoma but this the grandfather refused to do. In June, 1921, the plaintiff in error returned to McHenry county to attend the funeral of a relative. This information was filed against him in the county court and upon a hearing he was found guilty.

It is urged, as grounds of reversal, that the judgment is contrary to the law and the evidence; that the separation of the plaintiff in error and his wife was on account of the fault of the wife; that the plaintiff in error turned all of his property over to his family at the time he left them, and shortly thereafter he was injured and could not work, but as soon as he could work he sent his children presents and clothing; that he asked his wife to go to Oklahoma and live with him but this she refused to do; that he asked for the custody of the children but this was refused; that the cause of action is barred by the statute of limitations; that the amount ordered paid is excessive.

All of these contentions will be considered together. Many cases are cited by the plaintiff in error in support of his contentions, but almost all of these cases arose under the law of 1903, and are not cases of abandonment of children under 18 years of age. The only charge in this case is that plaintiff in error abandoned his children under 18 years of age.

Section 1, chapter 68, Hurd's Revised St. of 1919, page 1659 [Cahill's Ill. St. ch. 38, ¶ 2], provides that every person who shall, without lawful excuse, desert or neglect, or refuse to provide for the support or maintenance of his or her child or children under the age of 18 years, in destitute and necessitous circumstances, shall be deemed guilty of a misdemeanor and

on conviction shall be punished by a fine of not to exceed $600, or by imprisonment in the county jail, house of correction or workhouse, not to exceed one year, or by both such fine and imprisonment. Section 9 of the same act [Cahill's Ill. St. ch. 38, ¶ 10] provides that actions against persons under the act may be prosecuted at any time until said child or children reach the age of 18 years.

The law imposes on every parent the duty of supporting and maintaining minor children to the extent of their ability. Under this statute this is a continuing duty until the child reaches the age of 18 years, and therefore this cause of action is not barred by the statute of limitations. In order to make the parent liable it is not necessary that a demand should be made upon him to do his duty, as is contended by the plaintiff in error. The duty is imposed by law and no notice, demand or request is necessary before an action is commenced. The duty to support minor children is separate and apart from the duty to support a wife. The husband and wife may quarrel, disagree, separate and live apart, and while there may be no obligations remaining on the husband to support the wife, still the obligation may remain on each parent to support their minor children. The evidence amply shows that the plaintiff in error wholly failed to perform his duty to his minor children, which duty was imposed not only by parental affection but by law of the land. He drank to excess, quarreled with his wife and she refused to live with him, but this did not release him from the duty of supporting his children, nor are we under any obligation in this case to determine the merits of the controversy between the husband and wife.

After he had broken his leg, he was unable to work for many months. This alone and of itself might have excused him, to a certain extent, from supporting his children, but even after he recovered and began to

work he did not perform the duty which he owed to his children. He remained away from home for about 3 years and during that time he only sent them a few presents and a little clothing. He did not furnish a single penny for their food. The mother cared for them a part of the time, but later they were declared dependent by the county court and their grandfather had their care and custody and he provided them with a home. As far as the plaintiff in error was concerned, his children could either starve or be objects of charity. This failure to support them continued, not only during the time he was under disability, but after he had fully recovered and was able to work he paid no attention to them. After February, 1921, he received $100 per month, and as far as the evidence shows he is, at the present time, an able-bodied man, amply capable of providing for the support and maintenance of his children. He has no one dependent upon him, and we do not think, under all of these circumstances, the county court was in error in ordering him to pay $50 per month for the maintenance of his children. The amount was not excessive.

The plaintiff in error contends that prior to his conviction he had offered to take his children to Oklahoma and support them. He complains that, on cross-examination, the court improperly sustained an objection to a question put to Mr. Schmidt, the father-in-law of the plaintiff in error, relative to a request made by the plaintiff in error for the custody of his children, which request was denied by Schmidt. We do not think the request for the custody of the children was sufficient to excuse the plaintiff in error from the performance of the duty which the law imposed upon him, as the request was not made to any person having authority to permit the children to go to Oklahoma. The county court of McHenry county had found, on a petition properly filed, that they had been abandoned and were in destitute circumstances, and had entered

an order giving them into the care and custody of the grandfather. Section 177 C, ch. 23, Hurd's Rev. St. 1919, page 264 [Cahill's Ill. St. ch. 23, ¶ 330], with reference to the care and custody of dependent and delinquent children, provides that when the county court awards such a child to a guardian, such guardianship shall continue until the court shall order otherwise, but not after the child reaches the age of 21 years. There is no evidence of any request having been made by the plaintiff in error to the county court of McHenry county for the care and custody of these children and any request which he may have made to Schmidt was entirely immaterial.

Complaint is made of the fourth, eighth and ninth instructions given on behalf of the defendant in error. The fourth and eighth instructions told the jury, among other things, that if they found the plaintiff in error had neglected to provide support for his said children "in the manner and form as charged in the information" they should find the plaintiff in error guilty; and in the ninth instruction they were told that if they found that the children were so neglected and in destitute and necessitous circumstances, "at the time he left them," they should find the plaintiff in error guilty. The proof shows that the plaintiff in error left his home and went to Oklahoma in November, 1918. The date of the information was June 20, 1921, but this date was not material. If the offense was proven to have been committed on any date within 18 months of the date of the filing of the information, it would have been sufficient to sustain a conviction. We think, however, that the court improperly modified instruction nine by inserting therein the words "at the time he left them." The test was not as to the time the plaintiff in error left his family, but the offense with which he was charged was their desertion for a period of 18 months prior to the date the information was filed. Notwithstanding the fact such modification

was erroneous, we do not think it affected the result in the least. The guilt of the plaintiff in error was clearly proven and there was no injury caused by any of the instructions given.

We find no reversible error and the judgment of the county court will be affirmed.

*Judgment affirmed.*