# The People of the State of Illinois, Defendant in Error, v. Raoul W. Vannier, Plaintiff in Error.

## Gen. No. 29,392.

1. HUSBAND AND WIFE—*propriety of prosecution of husband for nonsupport on information by wife.* Proceedings under Cahill's Ill. St. 1923, ch. 38, ¶ 2, for failure to provide support for defendant's wife and minor children, may be by indictment or information, and the information may be made by the wife.

2. HUSBAND AND WIFE—*sufficiency of information charging husband with nonsupport.* An information charging failure to support wife and minor children is sufficient when the offense is charged substantially in the language of the statute.

3. HUSBAND AND WIFE—*sufficiency of proof of existence and legitimacy of minor children in prosecution for nonsupport.* In a prosecution for failure to support minor children, testimony of the wife that she married defendant in 1917 and that she had three children, the eldest being 5 years old, was sufficient proof that the children exist and that defendant is their father, children born in wedlock being presumed to be legitimate.

4. CRIMES—*how defense of former jeopardy raised.* The defense of former jeopardy may not be raised by a motion to quash but must be presented as other evidence upon the trial.

5. HUSBAND AND WIFE—*demand or notice as prerequisite to prosecution of husband for nonsupport.* No prior demand or notice is necessary in a prosecution for failure to support defendant's wife and minor children.

6. CRIMINAL PROCEDURE—*recital of district of municipal court of Chicago as essential of record of prosecution.* It is not necessary to recite in the record of a prosecution for failure to support minor children the district of the municipal court of Chicago in which the proceedings were had.

7. HUSBAND AND WIFE—*duty of husband to support wife and minor children.* The father of minor children will not be permitted to avoid his duty of supporting them and impose it upon the State by any considerations of the merits of any domestic differences such as a disagreement between defendant and his wife as to where they should live.

Error by defendant to the Municipal Court of Chicago; the Hon. JOSEPH BURKE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed January 26, 1925.

RAOUL W. VANNIER, *pro se.*

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLYDE C. FISHER, Asst. State's Attorneys, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a proceeding under paragraph 2, ch. 38, Criminal Code, Cahill's Ill. St. 1923, charging defendant with failing to provide for the support of his wife and their minor children. Upon trial by the court defendant was found guilty of neglecting to support the children and was ordered to pay for their use $25 weekly. He seeks a reversal.

Proceedings under this act may be by indictment or information, and it was proper practice for the information to be made by the wife of defendant. *People v. Horan,* 293 Ill. 314. The record shows that section 27 of the Municipal Court Act (Cahill's Ill. St. 1923, ch. 37, ¶ 415) was properly followed.

The information charged the offense substantially in the language of the statute, and this is sufficient. *People v. Scattura,* 238 Ill. 313.

Defendant claims that there was not sufficient proof that the children named in the information exist and that the defendant is their father. His wife testified that she married defendant in July, 1917; that she had three children, the oldest being 5 years of age. Children born in lawful wedlock are presumed to be legitimate. *Zachmann v. Zachmann,* 201 Ill. 380; *Drennan v. Douglas,* 102 Ill. 341. It was a reasonable inference from defendant's testimony that he is the father of the children, and his attorney upon the trial conceded this.

The defense of former jeopardy is not properly raised by a motion to quash, but must be presented as other evidence upon the trial. *People v. Brady,*

272 Ill. 401; *Hankins v. People*, 106 Ill. 628.

No prior demand or notice is necessary in an action of this sort. *People v. Miller*, 225 Ill. App. 150.

It is not necessary to recite in the record the district of the municipal court of Chicago in which the proceedings were had, although the *placita* in the record does recite that these proceedings were had in the municipal court of Chicago, etc., "In the First District of said city," etc.

The real substance of defendant's position is that because he and his wife differed as to where they should live, he cannot be compelled to provide for the support of their minor children. The State is interested in minor children and under certain circumstances may be required to provide for their support. Hence one who is primarily obligated to provide such support will not be permitted to avoid this duty and impose it upon the State by any considerations of the merits of any domestic differences. *People v. Miller*, 225 Ill. App. 150; *People v. Howell*, 214 Ill. App. 372.

Defendant is amply able to pay the amount ordered, the judgment is proper, and it is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.