People of the State of Illinois, Defendant in Error, v.
William Arthur Stills, Plaintiff in Error.

Opinion filed
November 8, 1939.

KERN, PEARCE & PEARCE, of Carmi, for plaintiff in error.

IVAN A. ELLIOTT, of Carmi, for defendant in error.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Plaintiff in error, William Arthur Stills, was prosecuted in the county court of White county under an information filed under paragraph 255 of chapter 38 of the Criminal Code (Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 37.148]), by the terms of which the said William Arthur Stills, hereinafter called defendant, was charged with obtaining from Oscar Stocke, the prosecuting witness, certain corn of the value of $73.10, through the issuance of a check in said sum of $73.10,

under circumstances which constituted a violation of the section of the Criminal Code referred to, which provides in substance that the issuance of any check to obtain something of value from any person, with intent to defraud, when the maker of the check has not sufficient funds or credit in the depository for payment of such check, constitutes a misdemeanor. The act further provides, in substance, that the making of such check without having sufficient funds or credit in the depository upon which the check is drawn to pay the same in full at such time, shall be ''prima facie evidence of intent to defraud.'' Jury trial was waived and trial was had before the court.

The court, after hearing the evidence, found the defendant guilty ''in manner and in form as charged in the Information.'' The following orders were, likewise, thereupon entered by the court: ''Whereupon it is ordered by the Court that said defendant pay a fine of $25.00 and all costs of this proceeding and that he make restitution to Oscar Stocke for the amount of the check in this proceeding, said check being in the amount of $73.10.

''It is further ordered by the Court that said defendant be committed to the County jail until fine and costs are fully paid, secured, worked out or until he is otherwise discharged by due process of law, and that execution issue therefor.''

The evidence in the case shows that defendant, and his father, J. W. Stills, were engaged in the grain business as partners, under the firm name of J. W. Stills & Son, at Carmi and Enfield in White county, Illinois. Each of the partners had authority to buy grain and to write checks on the account which was carried in the White County Bank at Carmi, Illinois. During the month of September, 1938, the partnership began to experience financial difficulties and some discussion was had with the president of the bank as to methods

of financing, by the terms of which defendant testified that checks would be temporarily held by the bank and the defendant would bring in sight drafts, with bill of lading attached, at the end of the day and deposit to cover the checks. That arrangement terminated on October 29, 1938, and the bank president testified that prior to October 25th, the date upon which the check in question was drawn, defendant and his partner were told that no more checks would be honored by the bank against commissions.

The evidence further showed that it was the custom of the defendant to sign a number of blank checks so that when grain was delivered to the firm the weighman on duty would be able to fill in such check for the amount due the customer and immediately pay for the grain purchased. One of such checks was delivered to the prosecuting witness, Oscar Stocke, who had brought in two loads of corn on October the 20th and 25th, 1938. He was given a check for $73.10, which was signed "J. W. Stills & Son, by W. A. Stills." Such check was deposited on October 29th, but payment thereof was refused. The check came back marked "Not Sufficient Funds," and was later turned down because of "No Funds."

It was shown that the prosecuting witness made several attempts to collect the amount of the check from the defendant, or his partner, but said check was not paid. While the evidence is not very clear on the point as to the status of the balance in the bank in the partnership account, it was shown that there was not sufficient funds in, or credit with the bank, for payment of such check in full upon its presentation. There was some evidence to the effect, however, that the bank was retaining a portion of the partnership balance, as shown by its account, for its own protection, to cover sight drafts on the basis of the arrangement as between the bank and the partnership heretofore referred to.

The president of the bank testified that the balance in the partnership account available to the partnership at the close of business on October 24th, was $10.72, and at the close of business on October 25th, the partnership had an overdraft of 26 cents, and he further stated that there was no arrangement permitting such overdraft and that the overdraft resulted from an error. The check involved in the instant prosecution was refused payment because no funds were available in the partnership account with which to pay the same.

It is contended by the defendant that no violation of the section of the Criminal Code referred to is shown, on the theory that the arrangement of the defendant and his partner constituted "credit" with the bank. The arrangement considered by the defendant in this connection has been referred to in the statement of facts in this opinion. It was not shown, however, that there was any credit arrangement with the bank whereby this check would be paid, and the bank president testified that there was no understanding which would permit the partnership, or defendant, to draw checks on the partnership account, which would exceed the deposit in the bank at the time the check was drawn.

Particular emphasis is likewise placed by the defendant upon the contention that it was not shown that he had any "intent to defraud." In this connection defendant complains that the court erred in sustaining an objection to the question which was directed to him, "Did you have any intention of defrauding anyone?" and also the question which was put to the bank president, "Tell the Court if this check, or any other, was issued with intent to defraud." In view of the fact that this prosecution was tried before the court, it is difficult to see how answers elicited by such questions, if most favorable to the defendant, could have changed the opinion of the court under the circumstances. The same observations are applicable with reference to the questions directed to the prosecuting witness as to

whether he thought the partnership firm wanted to defraud him. The question of whether or not defendant had any intent to defraud was one for the court to determine upon consideration of all the evidence presented to him. The court's conclusion on such point was obviously based on the circumstances in the case, and not alone on defendant's declarations, or the statement of other persons, as to what was intended (*Wohlford v. People,* 148 Ill. 296).

It is, likewise, contended that error was committed in permitting the bank president to testify concerning other checks of the partnership, upon which payment had been refused prior to the refusal of payment of the check here in question. While as a general rule evidence of other like offenses is not admissible in such prosecution, in view of the fact that the testimony was interrelated as to the other checks which were issued, and that proof of the nonpayment of other checks would tend to show an intent, motive, or common design to violate the section of the Criminal Code involved in this prosecution, this court feels that no reversible error arises from such references (*People v. Novotny,* 371 Ill. 58; *People v. Rooney,* 355 Ill. 613; *People v. Billburg,* 314 Ill. 182).

Defendant likewise complains of the form of the information, and of the judgment of the court based on such information. The information is not abstracted. It has frequently been held that the court will not search the record where the matters complained of are simply indexed, but are not actually set forth in the abstract. While the court might search the record to find reason for affirmance, it will not do so to find grounds for reversal (*Village of Glencoe v. Hurford,* 317 Ill. 203; *McGovern v. City of Chicago,* 202 Ill. App. 139).

We are not required, however, to dispose of the contention of the defendant upon such narrow ground. The complaint of the defendant is made in connection

with the entry of the judgment by the court, which in general terms found the defendant guilty in manner and form as charged in the information. The information, as shown by the record and the evidence presented, was sufficiently specific to advise the defendant of the nature of the charge which he was to meet, and the nature of such charge was easily understood by the court from the information. Under those circumstances, it has been held that such information is sufficient, and that the finding of the court that the defendant was guilty in the manner and form as charged in the information is likewise sufficient, as no particular form is required by statute in cases of this character (*People v. Westerdahl*, 316 Ill. 86). The court in the *Westerdahl* case stated, "If from the whole record it is apparent that the court found the plaintiff in error guilty of the offense charged and sentenced him in accordance with the statute it is sufficient. Even if there were a technical error in the form of the judgment it would not be reversed for that reason, alone."

While the information may have been subject to objection for want of particularity, where no attack on the form of such information is made in the trial court, as was true in the instant case, it cannot thereafter be raised.

It is, likewise, objected by the defendant that the judgment of the trial court was erroneous because of the fact that the check involved was not the individual check of the defendant, but was a check of the partnership. Disregarding such technical objections as might have been made to such information in apt time in the trial court, it is enough for this court to observe in this connection, that partnerships are not recognized in crime, and that in the event of action by a partner, or partners, in the course of partnership business, which may constitute a crime, the partners should be indicted

or prosecuted as individuals, and not as a firm (*People v. Paisley*, 288 Ill. 310).

While it is true that in any criminal prosecution the court must be astute to require that defendant's guilt must be proven beyond reasonable doubt, and that the defendant must be presumed to be innocent until proven guilty, the weight to be accorded the testimony of the several witnesses was within the province of the trial court, and unless the Appellate Court is convinced that the conclusion of the trial court is contrary to the weight of the evidence, it should not substitute its judgment for that of the trial court (*People v. Bridgewater*, 369 Ill. 633; *People v. Deikelmann*, 367 Ill. 372). In the state of the record before this court, it cannot be said that the trial court has made a finding which is palpably contrary to the weight of the evidence.

It is not contended by either party in this court, however, that the portion of the order of the court reading, ''And that he make restitution to Oscar Stocke for the amount of the check in this proceeding, said check being in the amount of $73.10'' is sanctioned in any manner. This court will treat such portion of the order as surplusage, and will modify the order of the court by striking such portion of the order as is quoted in this paragraph. Such portion of the order is accordingly stricken, and the finding and order of the county court, after being modified as herein indicated, is affirmed.

*Modified and affirmed.*