People of the State of Illinois, Defendant in Error, v. Thomas R. Hennefent, Plaintiff in Error.

Gen. No. 9,751.

Heard in this court at the February

142

term, 1942.        Opinion filed May 14, 1942. Re-
hearing denied June 24, 1942.

HARRIS & HARRIS, of Macomb, for plaintiff in error.

G. DURBIN RANNEY, State's Attorney, for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

On November 20, 1939, the State's Attorney of Warren county, filed an information in the county court at Monmouth, Illinois, charging Thomas R. Hennefent with neglect and refusal to support his minor child, Chad Hennefent, who was alleged to be in destitute and necessitous circumstances. The defendant appeared and entered a motion to quash the information. This motion was overruled. The defendant then entered a plea of not guilty. The case was tried before a jury in April 1941, which resulted in a verdict of guilty, and the court suspended sentence, and entered judgment against the defendant to pay $30 per month for a period of 12 months, said payments to be made to the clerk of said county for the use, and support of Chad Hennefent. The case is brought to this court for review by writ of error.

The evidence shows that Mildred Francis had been keeping company with the defendant, Thomas R. Hennefent, for several years; that the defendant resided on a farm in Warren county, Illinois; that on the evening of November 2, 1936, said Hennefent was taken (probably by force), by a sister of Mildred Francis and several of her relatives, to the City of Galesburg, in Knox county, where a marriage license was procured for the marriage of Thomas R. Hennefent and Mildred Francis; that the parties proceeded to Knoxville, Illinois, where a marriage ceremony was performed; that after said ceremony, Mildred Francis

went to her father's home in Knox county, and the defendant, Hennefent, went to his home in Warren county, Illinois; that the next day, Mildred Francis Hennefent was taken to the home of Thomas R. Hennefent in Warren county, and stayed at said home three or four days when she left, and went back to her home in Knox county; that she left, as she claims, because her husband, Thomas R. Hennefent, left his home in company with another woman; that on January 25, 1937, the child, Chad Hennefent, was born in Galesburg, Knox county, Illinois; that following his birth, Mildred Francis Hennefent, took the child, and stayed for 17 weeks with her brother, John, in Warren county; that she and the child, Chad, then returned to Knox county, and have made their home in that county until the time of the trial.

It is insisted by the plaintiff in error that the court erred in denying the motion of the defendant at the close of the People's evidence, and also in denying his motion at the close of all of the evidence, to exclude all the evidence from the jury, and direct the jury to return a verdict of not guilty, because there was no venue proven in Warren county, and that no legal marriage existed between Mildred Francis and Thomas R. Hennefent. There are other assignments of error, but they are practically the same as the first two assignments. The decision of one of these disposes of all of the other assignments of error.

The evidence conclusively shows that the child, Chad Hennefent, and his mother have lived in Knox county, Illinois, during the entire life of Chad Hennefent, and also shows that plaintiff in error has lived in Warren county during the entire time. The question presented, is whether the county court of Warren county had jurisdiction of the case so that Thomas R. Hennefent could be prosecuted in that county for the neglect and refusal to support his minor child who resided in Knox county. In C. J. S., vol. 22, sec. 185, under the heading

of venue and abandonment and nonsupport, we find the following: "The venue of a prosecution for abandonment or nonsupport of a wife or child is governed by the rules applicable to criminal cases rather than by the rules applicable to civil actions, and is dependent on where the omission of duty occurs. The general rule is that the venue is in the county in which the abandonment occurred, or the duty to support should have been performed, or as otherwise stated, in the county where the wife or children become dependent on others because of the accused's delinquency; and this rule applies even though, during such time, the accused may have been in another county. In such case the rule stated supra sec. 183, that the presence of accused within the county where the offense was committed is not always essential, applies. There is authority, however, for the prosecution of accused in the county in which he resides, although the wife and children live elsewhere.''

In the case of *State v. Gillmore,* 88 Kan. 835, 129 Pac. 1123, the Supreme Court of Kansas, in passing upon a similar question held that the only place that the prosecution could be maintained, was in the State of Kansas, and in the county where the wife and child resided. In 47 L. R. A. (N. S.) 217, the case is also reported, and numerous cases from other States are reviewed. The general rule, of venue is stated to be as follows: "Where a man deserts or abandons his wife or minor child, and where he himself subsequently removes to another jurisdiction, or where he sends the wife or child to another jurisdiction, he is properly indicted and tried for the offense in the jurisdiction where the wife or child becomes dependent, regardless of his nonresidence, for that is the place where the duty of support should be discharged, and consequently the place where the offense of failure to support is committed. This rule may, however, be affected by statute, and also by the application of the theory that the object of

statutes prescribing punishment for such offenses is not only to prevent the wife or child from becoming a public burden, but also to punish the wrong as such, and to deter husbands from abandoning their families.''

In the case of *Johnson v. People,* 66 Ill. App. 103, this court had occasion to review a similar case, which is now presented. In the *Johnson* case, the husband and father lived at Pontiac in Livingston county, and his wife and children lived in Peoria county. They had formerly lived in Iowa, and had separated in that State. After the wife and children had established a residence in Peoria county, she went to visit her husband in Livingston county, and apparently a reconciliation was effected. The husband paid the wife's railroad fare back to Peoria. The husband did not live up to the reconciliation agreement. An information was filed in the county court of Peoria county, charging the father with failure to support his children in Peoria county. The defendant was brought to Peoria county, and he there insisted that the prosecution could not maintain the suit in Peoria county, because he had never been in that county, and if the offense at all was committed, it was committed by him in Livingston county, and that was the only county in which he could be prosecuted. In passing upon this contention, the court used this language: ''If the defendant can not be indicted and tried in Peoria county, he can not be punished anywhere. It may be conceded that under the laws of this State a defendant can only be tried in the county where the offense was committed. Hence, if the defendant in this case did not abandon his wife and children in Peoria county, he was improperly tried and convicted there. But it is to be observed that the personal presence of the offender is not always an indispensable element in fixing the local jurisdiction of a criminal offense. A crime is, in legal contemplation, committed in the place where the doer's act takes

effect, whether he is himself in such place or not; in this way one may even perpetrate an offense against a State or county upon whose soil he never set foot. 1 Bishop's New Crim. Proc., 53; 1 Bishop's New Crim. Law, 110–111.''

Both the plaintiff in error and defendant in error have cited numerous cases which they claim support their contention in regard to the venue in this case. We have examined all of the cases so cited, and others of our own volition, and we think the rule, as stated in our former opinion, and the above citations is supported by far the greater number of the decisions of other States. It is our conclusion that the suit could not be maintained in Warren county, but could only be prosecuted in the county where the dependent and neglected child resided.

The trial court held that there was a legal marriage of the parties. It is seriously insisted by the plaintiff in error that he was married under protest, and forcibly against his will, therefore, the marriage was illegal and void. We do not intend in any way to intimate whether the marriage was legal or not, as the trial court did not have jurisdiction to try this case, therefore, whether there was or was not a legal marriage between the parties, becomes immaterial.

The judgment of the trial court is reversed.

*Judgment reversed.*