People of State of Illinois, Plaintiff-Defendant in Error, v. Joseph Harlin (Jack) Rose, Defendant-Plaintiff in Error.

Term No. 53–F–7.

Opinion filed May 20, 1953. Released for publication July 1, 1953.

ALPHEUS GUSTIN, of Harrisburg, for plaintiff in error; J. D. QUARANT, of Elizabethtown, of counsel.

CHARLES W. PHILLIPS, State's Attorney of Gallatin county, of Shawneetown, for defendant in error.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

The State's Attorney of Gallatin county filed an information in the county court of said county against Joseph Harlin (Jack) Rose, charging that he neglected to provide for and support his minor children, Velma Ruth Rose, five years of age, and Floyd Deneen Rose, aged sixteen months. Defendant waived a trial by jury and made an oral motion to dismiss for want of jurisdiction on account of "lack of venue." The proceedings were brought under section 24, chapter 68, 1951 Illinois Revised Statutes [Jones Ill. Stats. Ann. 37.002].

The case was tried without a jury and after all the evidence had been given for the People, defendant moved the court to dismiss for want of jurisdiction. Defendant was found guilty and was ordered to pay the clerk of Gallatin county court the sum of Forty Dollars ($40.00) per month for the support of the minor children until further order of court, in addition to costs. A motion was made to set aside the judgment, or alternatively, for a new trial. The court overruled the motions and defendant has sued out a writ of error to this court after judgment was entered in favor of the People.

Defendant contends on appeal in this court that defendant's motion to dismiss the cause for improper venue should have been allowed. Other assignments of error to the effect that the verdict was contrary to the law and the evidence and that the court erred in overruling the motion for a new trial, apparently, were also based principally upon the contention raised by defendant as to venue.

The evidence presented by the People showed that the complaining witness and her children were taken to the house of her father on August 13, 1952. The house was located in Gallatin county, Illinois. On August 18th the complaining witness returned to the home of the plaintiff and defendant in Hardin county where she discovered that defendant had removed all of his clothes from the house. The record shows that at that time defendant stated he was not going to stay in the house with his wife and the children. On August 22, 1952 defendant took his wife and children to Metropolis, in Massac county, and upon arrival in Metropolis they were informed of the death of a cousin of the complaining witness. The defendant returned to the Hardin county farm and got some clothing for the complaining witness to wear at the funeral. On August 24

defendant again went to Metropolis and attended the funeral but did not accompany the complaining witness in the funeral procession from Metropolis to Gallatin county. The complaining witness and her children went on to Bowlesville, in Gallatin county, to the home of her father. There was evidence that defendant told his wife he would be willing to support the children but not her, and evidence in the record tends to show that the complaining witness returned to her father's home in Gallatin county on August 24 with the intention of making that her permanent residence. The information was filed on August 27, 1952.

██ While local jurisdiction of all offenses not otherwise provided for by law is had in the county where the offense was committed, the residence of a wife and a minor child can fix the venue of an information such as we are called upon to consider, and the county of residence of the mother and child rather than the county of residence of the father defendant would be the proper venue for disposition of such proceeding (*People v. Hennefent*, 315 Ill. App. 141).

 The only question before us is whether the complaining witness had established residence in Gallatin county prior to the filing of the information by the State's Attorney. After a husband and wife have separated, the wife may acquire a separate residence (*Chapman v. Chapman*, 129 Ill. 386). The question of residence is largely one of intention (*Anderson v. Pifer*, 315 Ill. 164). The intention, rather than the lapse of time, determines the question of residence (*Blair v. Blair*, 341 Ill. App. 93).

██ The evidence for the People in the case before us showed reasonable cause for the complaining witness leaving the defendant since he removed his clothes from the domicile and informed his wife he was not going to live with her and the children, and refused to provide more than bread and milk for the family.

341

There was positive evidence of a failure to support the family. There is evidence in the record to show that the wife had returned to the home of her parents after considerable misconduct on part of the defendant and after making demands for the rest of her clothes and personal property and replevying the clothes from the defendant. Under the record before us it is clear that venue in Gallatin county was proper. It is likewise apparent from the record that defendant in the instant case by his statements and his failure of support, made a demand for such support unnecessary prior to commencement of the action (*People v. Vannier,* 236 Ill. App. 14). A husband cannot avoid his duty of supporting children by a claim of domestic conflict with the wife (*People v. Vannier, supra*).

██ On the general assignments of error, since the defendant did not argue any other points than those raising jurisdictional questions, it need only be observed that Courts of Appeal will decide only errors assigned which are argued in the brief on appeal, and will treat errors not argued as abandoned (*People v. Phelps,* 388 Ill. 618). The record will not be searched for the purpose of reversal, although Courts of Appeal will search the record for reasons for affirmance (*People v. Stills,* 302 Ill. App. 302).

██ Since the court below tried this cause without a jury and on the record, the proceedings appear to be regular and free from error, and every reasonable intendment is indulged in support of the judgment below, this court on appeal will not substitute its judgment for that of the trial court (*People v. Stills, supra*).

The judgment of the county court of Gallatin county will, therefore, be affirmed.

*Affirmed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.