STATE OF IOWA, appellee, v. ROBERT BARRY, d/b/a BARRY MOTOR COMPANY, appellant.

## No. 51108.

(Reported in 125 N.W.2d 833)

1330

January 14, 1964.

James R. Hamilton, Edson & Hamilton, of Storm Lake, for appellant.

Evan Hultman, Attorney General, and George J. Knoke, Assistant Attorney General, for appellee.

LARSON, J.—Defendant Robert Barry, an active partner in Barry Motor Company of Danbury, Iowa, was convicted of violating the provisions of section 321.26, Code of Iowa, 1958, as amended. He relies principally upon two propositions for reversal. Both involve a construction of section 321.26.

■ Appellant first contends the State failed to sustain its burden to prove defendant guilty of the crime charged, beyond reasonable doubt, and that the verdict is contrary to the evidence. The contention is without merit. From the stipulated evidence it appears, after Robert Barry gave instructions to his employees that a certain 1960 Ford Fairlane 500 automobile then on his used car lot was not to be sold, and he departed on a trip to Puerto Rico, an employee William Barry did on September 13, 1961, sell that automobile to David Blake and permitted Blake to drive the car for over two months with pasteboard plates, although Blake at the time of the sale made no application for registration and certificate of title as required by section 321.26 of the Code.

Section 321.26, as amended by the Fifty-ninth General Assembly effective July 4, 1961, provides: "No manufacturer or dealer shall permit the use of such card [pasteboard card described in section 321.25] unless an application for a registration and certificate of title has been made, as herein provided, and receipt issued to the user of the card by such manufacturer or dealer showing the fee paid by the person making the application, the county treasurer, or proper county or state official if purchaser is from a foreign state, to whom fee was mailed or delivered and the date of mailing or delivery of fee."

■ The statute, of course, is to be construed strictly and all doubts are resolved in favor of the accused. Appellant's first proposition is that the legislative intent to eliminate guilty knowledge is not clearly apparent. State v. Dahnke, 244 Iowa 599, 57 N.W.2d 553; State v. Schultz, 242 Iowa 1328, 1331, 50 N.W.2d 9. We cannot agree.

While the statute uses the words "No * * * dealer shall permit the use", when read with the balance thereof, we think the legislative meaning is quite clear. It amounts to an absolute prohibition against the issuance of such plates unless the

buyer at the same time makes application for a registration and certificate of title. It imposes a duty upon the dealer to see that this requirement is not neglected. It falls within the class of police offenses where the act is prohibited for the welfare of the State. It is in the nature of a prohibition such as is usually found in statutes that forbid a person to permit ice to accumulate before his front door on a city street. As is pointed out in Wharton's Criminal Law, Twelfth Edition, Volume 1, section 29, page 45, in such instances it is of no consequence whether the offender was cognizant of the violation of the law. The legislature may adopt such a method as the best way of preventing deleterious results to the public. Prompt transfers and authentic ownership records are deemed necessary. This is what the legislature required by enacting this prohibition in the law. See 3 Drake Law Review 1, 3, an article by Professor Richard S. Hudson.

It is well settled in this jurisdiction that, in prohibitive statutes covering misdemeanors, as this one is, where no provision is made as to the intention, and the word "knowingly" or other apt words are not employed, to indicate that knowledge is the essential element of the crime, intention is not an element of the crime. This is especially so where the act is forbidden by a statute in aid of the police power of the State. State v. Striggles, 202 Iowa 1318, 1320, 210 N.W. 137, 49 A. L. R. 1270, and citations.

That section 321.26 forbids the dealer execution and issuance of pasteboard plates obtained from the State, without the buyer applications required, cannot be doubted. With the dealer license and privilege goes this specific duty. It is placed squarely upon the licensed dealer, and a violation, regardless of his intent or knowledge, subjects him to the penalty under the law. Indeed, if this were not so, it is plain that this statute might be violated times without number, with no possibility of convicting offenders, and it would become a dead letter on the statute books. Applied here, the evil to which this part of the title law was aimed would remain almost wholly untouched.

By the weight of authority it has been held that under a statute which forbids but does not expressly or by clear im-

plication make ignorance a defense, the fact that the violator was unaware of the violation will not be available as a defense. State v. Hartfiel, 24 Wis. 60; State v. Schull, 66 S. D. 102, 279 N.W. 241, 243, 115 A. L. R. 1226; Annotation, 115 A. L. R. 1230. As to our latest pronouncement on this rule, see State v. Sonderleiter, 251 Iowa 106, 108, 99 N.W.2d 393, and citations.

■ II. Appellant seems to concede if the word "permit" as used herein does not infer a required element of knowledge or intent, then the partnership, not he, would be the violator and he could not be fined for the offense, citing 40 Am. Jur., Partnership, section 196, page 266, and 68 C. J. S., Partnership, section 182, page 637. Again we cannot agree. As indicated above, we find in this statute the imposition of a duty on the licensed dealer, which includes the individual or the individuals making up the partnership if the license is taken in the company name, to see that the requirements of section 321.26 are not violated. See section 322.6, Code, 1962, and section 322.7(1)(b) of the Code. When an application is made for a license, each partnership member assumes that obligation. Thus the fact that each partner knew or did not know of the violation by one of its employees would be entirely immaterial, especially so if the act was done in the usual course or conduct of the business, as appears here. Also see 68 C. J. S., Partnership, section 182(b), page 637, and People v. Stills, 302 Ill. App. 302, 23 N.E.2d 822.

Having found no error, the trial court correctly overruled defendant's motion for judgment notwithstanding the verdict, motion in arrest of judgment, and motion for a new trial. The judgment is affirmed.—Affirmed.

All JUSTICES concur.