Greig E. SULLIVAN, d/b/a Slick Sully's Emporium, Petitioner-Appellant,

v.

IOWA DEPARTMENTAL HEARING BOARD OF the IOWA BEER AND LIQUOR CONTROL DEPARTMENT, and the Iowa Beer and Liquor Control Department, Respondents-Appellees,

and

The Iowa Department of Public Safety, Intervenor-Appellee.

No. 2–67417.

Court of Appeals of Iowa.

Aug. 26, 1982.

Marie A. Condon of Fairall, Fairall, Reeves & Kaplan, Marshalltown, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for all appellees.

PER CURIAM.

Petitioner appeals from the district court's decision affirming respondent-agency's sixty-day suspension of his liquor license. We affirm.

Petitioner Greig E. Sullivan owns and operates a licensed liquor establishment known as Slick Sully's Emporium in Marshalltown, Iowa. In October of 1977, petitioner applied at the Iowa Department of Revenue for a qualified organization gambling license pursuant to Iowa Code § 99B.7. Petitioner received the gambling license on November 1, 1978, and began constructing a casino on the premises of the liquor establishment on November 6.

At this casino, the cost of games ranged from one to ten dollars, and chips were awarded that could be redeemed for cash. Petitioner was present at times when the games were being played, and had knowledge of their cost, rules, and rewards. On

November 20, 1978, public safety agents and Marshalltown police officers raided Slick Sully's Emporium and arrested petitioner and some of his employees. Petitioner was charged with violating Iowa Code § 99B.15, tried, and acquitted.

In July of 1979, a complaint was filed with respondent Iowa Beer and Liquor Control Department, alleging that petitioner's liquor control license should be suspended or revoked because of illegal gambling activities which occurred on his licensed premises between November 6 and November 20, 1978. Specifically, the complaint alleged violations of Iowa Code Sections 99A.2, 725.9, 99B.6(1)(c), 99B.7(1)(g), (k), & 123.-49(2)(a), and Iowa Beer and Liquor Control Department Regulations 150–4.7(1)(123, 17A) & 150–4.9(123, 17A). Petitioner filed a motion to dismiss the complaint, contending that a liquor license may be revoked or suspended for violating Iowa Code § 123.-49(2)(a) only if the petitioner has been convicted of a violation of that provision, which he had not. The Department overruled the motion.

An administrative hearing was held before a hearing officer of the Iowa Beer and Liquor Control Department. The hearing officer ruled that petitioner had violated Iowa Code § 123.49(2)(a) by knowingly permitting gambling on his licensed premises, and ordered the license revoked subject to review after ninety days. Petitioner appealed the decision to the Iowa Beer and Liquor Control Department Hearing Board.

The Hearing Board issued an order affirming the hearing officer's findings but reducing the sanction to a sixty-day suspension. Petitioner then filed a petition for judicial review of the suspension of his liquor license with the Marshall County District Court. Suspension was stayed pending the outcome of these proceedings. The district court affirmed the suspension. It is from this decision that petitioner appeals.

■ This case presents three basic issues for review: (1) whether there was a knowing violation for which a penalty can be imposed; (2) whether a penalty can be imposed in the absence of a conviction; and (3) whether the penalty that was imposed was proper. Generally, the standard for judicial review of agency action in a contested case proceeding is whether the action is supported by substantial evidence in the record. Iowa Code § 17A.19A(8)(f). When the interpretation of a statute is involved, however, the test is different. In such a case the court may give weight to the agency's interpretation but is not bound by it. *West Des Moines Education Association v. PERB*, 266 N.W.2d 118, 124–25 (Iowa 1978); *Holland v. State*, 253 Iowa 1006, 1010, 115 N.W.2d 161, 164 (1962).

I. We first consider whether defendant's conduct violated Iowa Code § 123.49(2)(a). This section provides:

2. No person or club holding a liquor control license or retail beer permit under this chapter, nor his agents or employees, shall do any of the following:

a. Knowingly permit any gambling, except in accordance with chapter 99B, or knowingly permit solicitation for immoral purposes, or immoral or disorderly conduct on the premises covered by the license or permit.

The elements of the offense thus are (1) a licensee or permittee or his agents or employees (2) knowingly (3) permitting gambling (4) on the licensed premises.

■ Petitioner does not challenge the agency's findings that he knew the gambling was taking place, that he permitted it even though it was not "in accordance with chapter 99B," and that he permitted it on the licensed premises. Petitioner admits that the house took a cut of the pots, that chips were repurchased for cash, that games cost more than one dollar to play, that games were operated on a pyramid basis, and that games were not properly posted—practices which violated sections 99B.7(1)(a), (d), (e), (g), (h), and (k). However, he insists that another requirement—that petitioner knew he was violating the

law by permitting the gambling—be read into the statute.

This contention is inconsistent with the plain meaning of the statute, *see Maine v. Thiboutot,* 448 U.S. 1, 6, 100 S.Ct. 2502, 2505, 65 L.Ed.2d 555 (1980) because the word "knowingly" modifies "permit" rather than "violate." Furthermore, a person's knowledge of the law is generally presumed, Iowa Code § 701.6; *State v. Barry,* 255 Iowa 1329, 1333, 125 N.W.2d 833, 835 (1964); *State v. Sonderleiter,* 251 Iowa 106, 109, 99 N.W.2d 393, 395 (1959), particularly when the activity challenged is regularly conducted by the person in the course of business. *State v. Barry,* 255 Iowa at 1333, 125 N.W.2d at 835. The cases cited by petitioner for the proposition that knowledge of the law is necessary involve statutes that expressly make knowledge of the law an element of the offense. They are therefore distinguishable from Iowa Code § 123.49(2)(a).

■ II. Next we consider whether a penalty can properly be imposed for a violation of Iowa Code § 123.49(2)(a) despite the absence of a conviction under that section. Petitioner claims that Iowa Code § 123.-50(2) is the applicable penalty provision, and that applying this section, revocation or suspension of a license is authorized only upon a conviction of a violation of Iowa Code § 123.49. In so construing the sections, petitioner overlooks the general rule of statutory construction that specific sections are to be construed together with other sections of the same statute. *See Peffers v. Des Moines,* 299 N.W.2d 675, 678 (Iowa 1980). Iowa Code § 123.39, the general penalty provision, provides in pertinent part:

> Any liquor control license or beer permit issued under this chapter may, after notice in writing to the license or permit holder and reasonable opportunity for hearing, and subject to section 123.50 where applicable, be suspended for a period not to exceed one year or revoked by the local authority or the director for any of the following causes: ...

> 2. Violation of any of the provisions of this chapter.

The language "subject to section 123.50 where applicable" is intended to refer the reader to the following section only if the violation results in a conviction, in which case suspension or revocation is mandatory:

> The conviction of any liquor control licensee or beer permittee for a violation of any of the provisions of section 123.49 shall, subject to subsection 3 of this section, be grounds for the suspension or revocation of the license or permit by the department or the local authority. However, if any liquor control licensee is convicted of any violation of subsection 2, paragraphs "a", "d" or "e", of such section, or any beer permittee is convicted of a violation of paragraph "a", the liquor control license or beer permit shall be revoked and shall immediately be surrendered by the holder, and the bond of the license or permit holder shall be forfeited to the department.

Because the petitioner in the instant case was acquitted, Iowa Code § 123.39, which authorizes suspension or revocation for a violation of *any of the provisions of* chapter 123, is the applicable penalty provision. It is clear that a penalty can be imposed under this section even in the absence of a conviction.

We believe that this conclusion is consistent with the intent of the legislature, as indicated in Iowa Code § 123.1:

> This chapter shall be cited as the "Iowa Beer and Liquor Control Act", and shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, *and all its provisions shall be liberally construed for the accomplishment of that purpose,* and it is declared to be public policy that the traffic in alcoholic liquors is so affected with a public interest that it should be regulated to the extent of prohibiting all traffic in them, except as provided in this chapter.

(Emphasis added). We do not believe that the legislature intended to limit the penalties for violations of § 123.49 to those cases which the county attorney successfully prosecutes. *See* Op.Att'y Gen. (Eller), May 13, 1975.

III. Having concluded that petitioner's conduct violated Iowa Code § 123.-49(2)(a) and that a penalty may be imposed for such a violation, we must consider whether the suspension of petitioner's license was proper in this case. Petitioner contends that the suspension of his license is unfair because he had made a good faith effort to obtain information from the Department of Revenue and to comply with the law. He claims that he spoke to an "unidentified" person at the Department who listened to his proposals for operating the casino and informed him that they were permissible. In essence, petitioner invokes an equitable estoppel theory against the State.

The Iowa Supreme Court has consistently stated, however, that the doctrine of equitable estoppel cannot be invoked against the State. *Iowa Department of Transportation v. Nebraska-Iowa Supply Co.,* 272 N.W.2d 6, 14 (Iowa 1978); *In re McAllister's Estate,* 214 N.W.2d 142, 146 (Iowa 1974). An exception, when the State invokes the equity jurisdiction of the courts, is inapplicable here. *Iowa Department of Transportation,* 272 N.W.2d at 14. In one case the Iowa Supreme Court found that, despite representations by the Department of Transportation's engineer that the Department would share with the county the costs of installing a culvert, "[p]laintiff could not rely upon representations made by the engineer when there was no statutory basis for liability. It was charged with knowledge of the law and could not ignore the plain meaning of that law." *Drainage District No. 119 v. Spencer,* 268 N.W.2d 493, 504 (Iowa 1978).

Furthermore, we are not convinced by petitioner's testimony that he was misled into believing that the particular activities he planned for the casino were permissible. The Department of Revenue employee apparently expressed uncertainty as to the current state of the law controlling the proposed activities. Petitioner nevertheless proceeded with his plans without seeking legal counsel to research the relevant statutes. It is noteworthy that the two violations cited by the Hearing Board, concerning the cost of games and repurchasing chips, are clearly and unambiguously prohibited in the statute. Iowa Code § 99B.7(1)(e), (g).

We believe that the suspension of petitioner's license was a proper penalty for his violation of the statute. The original penalty of revocation was reduced by the Hearing Board to sixty day suspension because of the findings that petitioner had made a good faith attempt to comply with the law. We think this reduction was appropriate. However, we also agree with the Hearing Board that because petitioner could have determined the applicable regulations and because such blatant violations should not be encouraged, suspension of petitioner's license was proper. We accordingly affirm the decision of the trial court.

AFFIRMED.