Jerry R. SIEVERTSEN, Appellee,

v.

EMPLOYMENT APPEAL BOARD, Appellant.

No. 91–617.

Supreme Court of Iowa.

April 15, 1992.

Joe E. Smith and William C. Whitten, Des Moines, for appellant.

Michael A. Woods, Bettendorf, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

CARTER, Justice.

The Employment Appeal Board appeals from a district-court order reversing in part its final agency decision denying claimant Jerry R. Sievertsen's eligibility for unem-

ployment benefits. The final agency decision also provided for recoupment of benefits previously paid under mistake of law for which claimant was not eligible. Although the district court agreed with the agency's conclusions that claimant was ineligible for the benefits in question and affirmed the agency's denial of future benefits, it held that the agency was estopped to recoup past benefits paid under mistake of law. After considering the arguments presented, we reverse the order of the district court and affirm the final agency decision.

Claimant had been an employee of the J.I. Case plant in Bettendorf for seventeen years when that plant closed in March of 1988. He applied for unemployment benefits. He was eligible for special benefit status under the Trade Readjustment Act, Trade Act of 1974, 19 U.S.C. §§ 2101–2487 (1980) (TRA). That federal legislation establishes special benefit eligibility for workers who become unemployed due to foreign production of goods that impact adversely on domestic production. *See* 345 Iowa Admin.Code 4.45 (1991).

The provisions of 19 U.S.C. § 2294 specify that continued eligibility for benefits under the TRA is tied to the basic qualifying conditions that have been established by state law. Iowa Code section 96.4(4) (1991) provides, in part, that,

[i]f the individual has drawn benefits in any benefit year, the individual must during or subsequent to that year, work in and be paid wages for insured work totaling at least two hundred fifty dollars, as a condition to receive benefits in the next benefit year.

The Department of Employment Services (DES) applied this rule to the claimant's situation in August of 1989 and advised him that he needed to earn at least $250 in covered wages to remain eligible for further unemployment benefits. Claimant has never disputed that requirement.

Claimant endeavored to obtain the required $250 in covered wages through employment at Marycrest College as a carpenter. At the time, he was a full-time student at Marycrest. The record reflects that claimant specifically asked DES representatives whether this employment would serve to qualify him for continued unemployment eligibility and was given the assurance that it would. Later, after claimant had earned more than $250 in his Marycrest employment, the agency determined that this was not "covered employment" for purposes of the eligibility requirement contained in section 96.4(4).

The agency's shift in position was prompted by 345 Iowa Administrative Code 3.20, which provides:

Wages earned by a student who performs services in the employ of a school, college or university at which the student is enrolled and is regularly attending classes (either on a full-time or part-time basis) cannot be used for claim or benefit purposes.

Wages earned by an individual who is a full-time employee for a school, college or university whose academic pursuit is incidental to the full-time employment, would be used for claim and benefit purposes.

Claimant challenged the agency's interpretation of this regulation. After losing on this issue at the highest agency level, he sought judicial review pursuant to Iowa Code section 17A.19 (1991). In addition to challenging the agency's interpretation of its own rule, he also raised in the district court a claim of estoppel. Only the estoppel issue is presented on this appeal.

In considering the district court's determination that the agency was estopped to recoup benefits that had been paid under mistake of law, we are not only faced with a line of cases that have refused to invoke estoppel principles against public agencies, *see Hawkeye By–Products, Inc. v. State,* 419 N.W.2d 410 (Iowa 1988); *City of Lamoni v. Livingston,* 392 N.W.2d 506 (Iowa 1986); *Drainage Dist. No. 119 v. City of Spencer,* 268 N.W.2d 493 (Iowa 1978); *Sullivan v. Iowa Departmental Hearing Bd.,* 325 N.W.2d 923 (Iowa App.1982), but also must confront the following statute relating to unemployment benefits:

If an individual receives benefits for which the individual is subsequently de-

termined to be ineligible, even though the individual acts in good faith and is not otherwise at fault, the benefits shall be recovered.

Iowa Code § 96.3(7) (1991).

We believe that the authorities cited preclude a finding that the Department of Employment Services is estopped from recouping the payments made to the claimant for which he was ineligible under the controlling regulations. We have considered all issues presented and conclude that the judgment of the district court should be affirmed as to the merits of the eligibility issue but reversed on the estoppel issue. The case is remanded to that court for an order affirming the final agency decision.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.